IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INFINITY, #C27692
(Birth name Frank James Strong)
    Petitioner,

v.                                  CIVIL ACTION NO. RDB-09-3130

SOCIAL SECURITY ADMINISTRATION
    Respondent.

\*\*\*

## MEMORANDUM OPINION

### Procedural History

This action, submitted as a 28 U.S.C. § 1361 Petition for mandamus relief, was filed by Petitioner, who is confined at the Ironwood State Prison in Blythe, California. According to the Petition and attachments, Petitioner legally changed his birth name (Frank James Strong) to "Infinity." He complains that the Social Security Administration ("SSA") has not been responsive to his requests to recognize the name change and issue a replacement Social Security card with "only a one word/single name 'Infinity' on it." (Paper No. 1). He asks the Court to order the SSA to issue the replacement card.[1] On December 11, 2009, this Court entered an order requiring the Respondent to show cause why the Petition should not be granted.

On February 24, 2010, the SSA filed a Motion to Dismiss. Paper No. 7. The agency

---

[1] According to the attachments, in April of 1977, Texas Judge H. M. Lattimore granted Petitioner's name change request and ordered his birth name of Frank James Strong changed to "Infinity." A newspaper clipping infers that the SSA recognized the name change and removed the name Frank James Strong from Petitioner's Social Security card and replaced it with "Infinity." (Paper No. 1 at Ex. B). Other exhibits, however, indicate that Petitioner wrote to the SSA in Baltimore, Maryland on February 7, 2009, to request the name change and the SSA acknowledged receipt in April of 2009 and indicated that the matter had been referred to "headquarters policy specialists." (*Id.* at Ex. C). Remaining exhibits are seemingly submitted to show that Petitioner's legal name change to "Infinity" has been recognized by the Supreme Court of the United States, the United States Court of Appeals for the Ninth Circuit, state courts in California, the California Department of Corrections and Rehabilitation, and the Medical Board of California. (*Id.*).

acknowledges that on April 29, 1977, Petitioner obtained a decree from the District Court of Tarrant County, Texas, changing his name from Frank James Strong to Infinity. Respondent further affirms that Petitioner wrote to the SSA in February 9, 2009, requesting that the SSA take official notice of his name change. Paper No. 7, Ziporkin Decl. and Ex. 1. The SSA Office of Public Inquiries replied on April 7, 2009, informing him that the inquiry would be referred to a headquarters specialist. *Id.*, Ziporkin Decl. and Ex. 2. The inquiry was subsequently referred to the SSA Office of Income Security Programs. On April 22, 2009, the SSA advised him that his name was shown in SSA records as "Infinity," and that a Social Security card containing that name had been issued to him. *Id.*, Ziporkin Decl. and Ex. 3. The letter also informed Petitioner that the infinity symbol (∞) could not be shown on his card and because the SSA computer system requires that both a full first and last name be entered, Petitioner's first name was entered into the system as "Unknown," and his last name was entered as "Infinity." *Id.*

On or about July 9, 2009, the SSA received a letter from Petitioner explaining how a computer system would accept a one-word name. *Id.*, Ziporkin Decl. and Ex. 4. In response, the SSA sent off a July 29, 2009 letter to Petitioner which was identical to the April 22, 2009 letter. The SSA argues that because of the requirements of its computer system, it is not possible to include a symbol in place of a name on a Social Security card, nor is it possible to omit a first name. *Id.*, Ziporkin Decl. Respondent affirms that it has complied with Petitioner's requests to the best of its ability and there is no further action it can take to effectuate this change.

In response to the SSA Motion to Dismiss, Petitioner filed several pleadings in this case.[2]

---

[2] Petitioner also filed three other cases relating to the the SSA's response to his name change request. *See Infinity v. SSA Computer System*, Civil Action No. RDB-10-966 (D. Md.); *Infinity*

First, he filed a Motion for Perjury in the Declaration of Sheryll Ziporkin accusing the SSA Associate Commissioner of subterfuge, fraud, and misfeasance. Paper No. 11. He seemingly alleges that the action of the SSA constitutes deliberate indifference as it knows "how important having my one word name being put on my SSA card was to me." Petitioner accuses the SSA of lying to him as it previously indicated that it would put his one word name on his card. *Id.* Petitioner also filed further documents complaining about the U.S. Government's computer systems and seeking additional mandamus relief and court order.[3] (Paper Nos. 12-16).

**Analysis**

Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.1987). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Petitioner must show that he has the clear and indisputable legal right to the relief sought; Respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*,

---

*v. Ziporkin*, Civil Action No. RDB-10-1565 (D. Md.); and *Infinity v. SSA Computer System*, Civil Action No. RDB-10-1566 (D. Md.). All three actions are filed as civil rights action. In light of the decision entered in this matter, those cases shall be dismissed by separate opinion.

[3] In addition to seeking a court order ruling on his mandamus request, Petitioner also asks that the Clerk mail him "all electronic filings" as he does not have a computer. (Paper No. 16). The Motion shall be denied. Petitioner is proceeding *pro se*. Therefore, all pleadings and orders filed in this Court have been provided to/served on him in hard copy. To the extent that Petitioner is seeking copies of papers he has filed with the Court, the request shall also be denied as he has failed to show why he needs copies of the documents.

426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

The Petition shall be dismissed. There is no dispute that Respondent has provided Petitioner substantial relief by changing the name of his SSA records to "Infinity" and issuing a SSA card to him with his Social Security Number and the name Infinity. The fact that the infinity symbol and only the one-word name of "Infinity" is not on the card is of no moment. Petitioner had failed to show he has the clear and undisputable right under the First Amendment or any other constitutional or statutory provisions to have a card issued "with a name complete in its singularity" without following the SSA requirements for the issuance of a card with a full first and last name.

## Conclusion

For the aforementioned reasons, the Petition shall be dismissed. A separate Order shall be entered following the reasoning of this Memorandum Opinion.

Date: JULY 21, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE